**RECEIVED**
JUL 17 2017
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **John Fitzgerald Powell** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Officer **Robert Staycoff**, individually and )<br>in his official capacity; Officer **Tony Heifort**, )<br>individually and in his official capacity; )<br>Officer **Steve Vargas**, individually and in his )<br>official capacity; **Steve Holt** individually )<br>and in his official capacity; **Sergeant John** )<br>**Kaczmarek** individually and in his official )<br>capacity; North Memorial Paramedic Officer )<br>**John Doe No. 1**, individually and in his official )<br>capacity; North Memorial Paramedic Officer )<br>**John Doe No. 2**, individually and in his official )<br>capacity; **North Memorial Health Care**; )<br>**North Memorial Ambulance; the City of** )<br>**Robbinsdale** and the **City of Brooklyn Center** )<br>)<br>)<br>**Defendants.** ) | Civil File No.: 17cv3018 PAM/SER<br><br><br><br><br><br><br><br><br><br>**COMPLAINT AND JURY<br>DEMAND** |

TO:   The Defendants above-named and their respective attorneys. This is an action for damages brought pursuant to 42 U.S.C. §§1983, 42 U.S.C. §§1985, First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff also brings state law claims.

## PARTIES

1.   John Fitzgerald Powell ("Plaintiff Powell") is a resident of the City of

Minneapolis, in the State of Minnesota.

1



SCANNED
JUL 17 2017
U.S. DISTRICT COURT MPLS

2. Defendant Robert Staycoff ("Defendant Staycoff") is employed as a police officer with the City of Robbinsdale, Minnesota.

3. Defendant Tony Heifort ("Defendant Heifort") is employed as a police officer with the City of Robbinsdale, Minnesota.

4. Defendant Steve Holt ("Defendant Holt") is employed as a police officer with the City of Brooklyn Center, Minnesota.

5. Defendant Steven Vargas ("Defendant Vargas") is employed as a police officer with the City of Robbinsdale, Minnesota.

6. Defendant Sergeant John Kaczmarek ("Defendant Kaczmarek") is employed as a police officer with the City of Robbinsdale, Minnesota.

7. Upon information and belief, Defendant North Memorial Health Care ("North Memorial Hospital") is a Minnesota Nonprofit Corporation (Domestic) with its principal place of business located at 3300 North Oakdale Avenue, Minnesota 55422. Plaintiff was provided medical care at North Memorial Hospital during his July 18, 2015 hospitalization.

8. Upon information and belief, Defendant North Memorial Ambulance ("Defendant North Ambulance") is an ambulance services corporation owned by North Memorial Health Care with its principal place of business located at 4501 68th Avenue North, Brooklyn Center, Minnesota 55429.

9. Upon information and belief Defendants North Memorial Paramedic Officers John Doe No. 1 and John Doe No. 2 are employees of Defendant North Ambulance and may

2

also be employees of North Memorial Health Care. Their true identities will be revealed through discovery.

10. Upon information and belief, doctors Tenzin Janjun and Adina Connelly were physician employees of North Memorial Hospital, and they provided medical care to Plaintiff Powell during his July 18, 2015 hospitalization at North Memorial Hospital. Discovery will show whether doctors Tenzin Janjun and Adina Connelly deviated from the acceptable standard of care when they treated Plaintiff Powell during his July 18, 2015 hospitalization.

11. Defendant City of Robbinsdale is a municipality in the State of Minnesota.

12. Defendant City of Brooklyn Center is a municipality in the state of Minnesota and is Defendant Officer Steve Holt's employer.

## JURISDICTIONAL STATEMENT

13. The acts complained of all occurred in this judicial district and this is an action for damages brought pursuant to 42 U.S.C. §§1983, 42 U.S.C. §§1985, 42 U.S.C. §§1988 for the violation of the First, Fourth and Fourteenth Amendments of the United States Constitution.

14. Plaintiff Powell also brings Minnesota state law claims. Therefore, this Court has jurisdiction for the federal questions subject to 28 U.S.C. §1331 and also supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## GENERAL BACKGROUND

15. The salient fact is that on July 18, 2015, the Robbinsdale Police Department received a 911 call from the security post at the North Memorial Hospital that an

employee observed a male in a car loading a handgun in the north-end of the hospital's parking ramp. The suspect was described as a "very light skinned or Hispanic male," although Plaintiff Powell is a very dark-skinned African-American male. Defendant police officers made Plaintiff Powell lie on the street during a heavy and thundering downpour for a long period of time.

16. Defendant police officers handcuffed, arrested, detained and conspired with defendant paramedic officers to involuntarily sedate Plaintiff Powell with Ketamine and caused him unnecessary pain and near death experiences.

17. The events started with a 911 call from the hospital about a "very light skinned man or Hispanic" with a gun in a car at the hospital's parking lot. Law enforcement officers from many agencies responded and checked the parking ramp and the area around the hospital, but they could not find the suspect.

18. While officers were checking the area about two blocks to the south of the hospital's parking ramp, they encountered Plaintiff Powell who was visiting the hospital with his wife and his mother. He, his wife and his mother went to North Memorial Hospital to visit a cousin who had previous been a victim of a gunshot injury.

19. During their visit it began to thunder and rain heavily. Plaintiff Powell offered to enter the downpour to fetch his car from the hospital's parking lot so that his wife and his mother would not be wet on their return home. As he was approaching his car, he saw people standing by his car and looking inside.

20. Out of concern for his car, Plaintiff Powell asked the people to leave his car. As he approached closer to his car, he realized the people were police officers. Even though

4

the officers could see that Plaintiff Powell's skin color was very black and in no conceivable way could he be mistaken for a "very light skinned" Hispanic male, the officers drew their weapons against Plaintiff Powell.

21. The defendant police officers commanded Plaintiff Powell to raise his hands in the air, kneel down, and lay down with his face on the street in the heavy thundering downpour. Plaintiff Powell complied with all of the officers' commands. However, he asked the defendant police officers their reasoning for his mistreatment to which the officers commanded provided no responses.

22. The defendant police officers placed the handcuffed Plaintiff Powell in the back seat of squad car 867 and transported him to the emergency entrance of North Memorial Hospital. The officers claim that they wanted Plaintiff Powell to be identified by witness Carolyn Lynn Griggs who had seen the alleged "very light skinned Hispanic" male suspect who sat in his car with a gun in the hospital's parking lot.

23. According to the defendant police reports Plaintiff Powell was angry, drooled and foamed at the mouth. The defendant police officers claimed that Plaintiff Powell screamed and kicked while he was handcuffed and sitting in the back seat of the squad car at the hospital's emergency entrance. Therefore, the defendant police officers instructed Defendants North Memorial Paramedic Officers John Doe No. 1 and John Doe No. 2 to sedate Plaintiff with Katemine.

24. The fact that defendant police officers and paramedic officers observed that Plaintiff Powell was drooling and foaming at the mouth should have been a good enough

reason for the officers and the paramedics to avoid the administration of Ketamine on Plaintiff Powell.

25. While Plaintiff Powell was still being held in the defendant police officers' squad car, witness Carolyn Griggs could not identify Plaintiff Powell as the suspect she purportedly saw caring a gun. Yet, Plaintiff Powell was not released. Later on, the same Carolyn Griggs confirmed that Plaintiff Powell was not the suspect she observed, yet Plaintiff Powell was not released by defendant police officers.

26. A review of defendant police officers' incident reports show that the officers intentionally wrote false police reports to conceal their unconstitutional actions against Plaintiff Powell. For example, the officers fail to identify the paramedics' to whom they directed to administer the Ketamine upon Plaintiff Powell.

27. The defendant police officers claim to have seen a gun; whereas, Plaintiff Powell did not have a gun, but a set of keys. The set of keys could not be mistaken for a gun by any rational person, let alone a police officer.

28. Defendant police officers intentionally misrepresented facts or patient history to North Memorial Hospital medical staff. The officers claimed that Plaintiff Powell charged at them. The officers knew that no such event occurred. The officers stated that Plaintiff Powell would not calm down, yet before Plaintiff Powell was administered the Ketamine he was calm.

29. At no time was Plaintiff Powell a threat to himself, the officers or others. Indeed, Defendant City of Robbinsdale Police Officers involved in the incident with Plaintiff Powell engaged in conspiracy and intentional fabrication.

30. After Plaintiff Powell was administered with Ketamine he reacted severely, and the injection caused him to be intubated and hospitalized at North Memorial Hospital. Plaintiff Powell and his family feared for his life.

31. The officers' reports stated that they thought that Plaintiff Powell had a handgun in his hand. As the arresting officers were handcuffing Plaintiff Powell, Defendant Officer Heifort stated that he could see that Plaintiff Powell did not possess a gun; rather, he carried his set of keys.

32. The plain fact that Plaintiff Powell was carrying his set of keys when he was arrested did not stop the remaining officers from continuing in their misrepresentation of the events. All to cover up their errors and abuse of the Plaintiff Powell.

33. Defendant Sgt. Kaczmarek's incident is the most disingenuous and the most glaring of fabrications. He stated in his incident report that as he was handcuffing Plaintiff Powell, he continued to believe that the keys could possibly be a handgun. Defendant Sgt. Kacamarek also continued to claim in his report that Plaintiff Powell was the "gun carrying suspect" even though Plaintiff Powell did not remotely fit the description of the suspect.

34. The fact that Defendant Sgt. Kaczmarek was close enough to see that Plaintiff Powell's set of keys were not a handgun and Plaintiff Powell did not fit the suspect's description, calls into question Defendant Sgt. Kacamarek's entire police report and supervision of the alleged crime scene.

35. While Plaintiff Powell was driven to the hospital's emergency room entrance, the officers claim that he was swearing at the officers and telling the officers that he has done

7

nothing wrong. Yet the officers never warned him, or asked him to calm down or explained the reasons for his arrest to him. The officers intentionally fabricated information in their incident reports to justify their horrendous abuse of Plaintiff Powell.

36. While Plaintiff Powell was in defendant police officers' squad 867, he was calm. Callously, the defendant police officers asked North Memorial Ambulance Paramedics to inject Plaintiff Powell with Ketamine, a sedative that caused a near death experience to Plaintiff Powell.

37. Defendant officers' claim that Plaintiff Powell was sedated for his own good is a farce. Besides, the officers were in the hospital's emergency entrance, yet no medical staff was called to scene. Plaintiff was in the squad car with many medical staff, including paramedic staff, eating and smoking cigarettes around it. There was no emergency situation for Plaintiff Powell or the defendant officers.

38. Since July 18, 2015, Plaintiff Powell has requested on numerous occasions information regarding the medical personnel or the paramedics who administered the Ketamine on him to no avail. The paramedics' "run sheet" is also missing in his medical record with North Memorial Hospital and North Memorial Ambulance. Also, the medical staff, if not the paramedics who authorized the administration of the Katemine, remain a mystery in Plaintiff Powell's medical file.

39. Plaintiff Powell has made many attempts to obtain his medical records that should have been maintained by North Memorial Ambulance and Hospital, but he was advised that North Memorial Ambulance and North Memorial Hospital do not have any records

about the medical personnel who authorized the administration of the Ketamine upon Plaintiff Powell.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983, First, Fourth, Fourteenth Amendment Violations
### *Plaintiff vs. Individual Defendant Police Officers*
### (False Arrest, Detention, Assault, Battery and Use of Excessive Force)

40. The preceding paragraphs are incorporated herein by reference as though fully set forth.

41. By the actions described above, Defendants Officer Robert Staycoff, Officer Tony Heifort, Officer Steve Vargas, Officer Steve Holt, and Sergeant John Kaczmarek, under color of state law violated and deprived Plaintiff Powell of his clearly established and well-settled First, Fourth, Fourteenth Amendment rights under the United States Constitution.

42. Defendant officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt, and Sergeant John Kaczmarek, falsely handcuffed, arrested, detained and used excessive force upon Plaintiff Powell when they invited or instructed paramedics to injected Plaintiff Powell with Ketamine, which resulted in Plaintiff Powell's pain, hospitalization, intubation, and his near death experiences.

43. Defendant officers' false arrest, detention and use of excessive was unreasonable, and was in violation of Plaintiff Powell's First, Fourth and Fourteenth Amendment rights.

44. Plaintiff Powell's near death experience was a direct and proximate result of Defendant officers' acts and omissions. Plaintiff Powell was thereby damaged in an amount yet to be determined.

9

45. Defendant officers subjected Plaintiff Powell to these deprivations of his rights in such a manner so as to render Defendant police officers liable for punitive damages.

46. Punitive damages available against Defendant police officers are hereby claimed as a matter of federal common law under *Smith v. Wade*, 461 U.S. 30 (1983), and as such, are not subject to the pleading requirements or the differing standard of proof set forth in Minn. Stat. Ann. §549.20.

47. Plaintiff is entitled to punitive damages in an amount exceeding One Million ($1,000,000) Dollars.

48. Plaintiff is entitled to recovery of his costs, including reasonable attorney's fees, under 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1985, Conspiracy to Violate Plaintiff's 1st, 4th and 14th Amendment
### (*Plaintiff vs. Defendant Police Officers and Paramedic Officers*)

49. The preceding paragraphs are incorporated herein by reference as though fully set forth.

50. By the actions described above, Defendant officers Robert Staycoff, Tony Heifort, Steve Vargas, Officer Steve Holt, Sergeant John Kaczmarek, Paramedic officers John Doe No. 1 and No. 2 under color of state law conspired with one another to violate and deprive Plaintiff Powell of his clearly established and well-settled First, Fourth and Fourteenth Amendment rights under the United States Constitution as well rights protected under Art. 1, §§ 1, 2, 10 of Minnesota Constitution.

51.     Plaintiff had an expectation of privacy by the application of both state and federal laws to not to be administered medicines without his consent and in retaliation for exercising his constitutional privileges.

52.     Minnesota Constitution, Art. 1, §§ 1, 2, 10 provides Plaintiff Powell the right of privacy under the state constitution. It protects the integrity of Plaintiff Powell's body and includes the right not to have his body altered or invaded without his consent.

53.     Defendant officers knew that Plaintiff Powell did not fit the description of the suspect with the gun at the hospital's property. Plaintiff was not at risk of harm to himself and others, yet he was arrested at gun point, detained, and injected with a sedative that caused injury to him.

54.     Defendant Paramedic officers John Doe No. 1 and No. 2 and Defendant officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt, and Sergeant John Kaczmarek conspired with one another when Plaintiff was falsely arrested and detained and caused the injection of Ketamine upon Plaintiff Powell.

55.     Defendants herein on this count knew that their action were unlawful. Defendants' behavior after the fact shows their attempts to conceal the circumstances surrounding the administration of the drug upon Plaintiff Powell. It also shows defendant police officers' misleading incident police reports.

56.     On this count, defendant officers' actions were an intentional conspiracy to violate Plaintiff Powell's state and federal constitutional rights.

57. Plaintiff Powell's near death experience was a direct and proximate result of Defendant officers' actions, and Plaintiff Powell was thereby damaged in an amount yet to be determined.

58. Defendant officers subjected Plaintiff Powell to these deprivations of his rights in such a manner so as to render Defendants police officers and paramedic officers liable for punitive damages.

59. Punitive damages available against Defendant police officers and paramedic officers are hereby claimed as a matter of federal common law under *Smith v. Wade*, 461 U.S. 30 (1983), and as such, are not subject to the pleading requirements or the differing standard of proof set forth in *Minn. Stat. Ann. §549.20*.

60. Plaintiff is entitled to punitive damages in an amount exceeding One Million ($1,000,000) Dollars.

61. Plaintiff is entitled to recovery of his costs, including reasonable attorney's fees, under 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION
**Assault and Battery against Individual Defendants**
(***Plaintiff vs Paramedic Officers John Doe No. 1 and No. 2***)

62. The preceding paragraphs are incorporated herein by reference as though fully set forth.

63. Defendants John Doe No.1 and John Doe No. 2 assaulted and battered Plaintiff Powell when they unlawfully, and without consent, injected Plaintiff Powell with Ketamine resulting in Plaintiff Powell's pain, injury, hospitalization, intubation and his near death experiences.

64. As a result of the assault and battery by Defendant Paramedic Officers John Doe No. 1 and No. 2, Plaintiff Powell suffered damages aforesaid.

## FOURTH CAUSE OF ACTION
### Medical Malpractice/Negligence
*(Plaintiff vs Paramedic Officers John Doe No. 1 and No. 2)*

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. Defendant Paramedic officers John Doe No.1 and John Doe No. 2 grossly deviated from the standard of care for paramedics in Minnesota.

67. The paramedics who sedated Plaintiff Powell despite observing that he had lots of secretion in his mouth, foaming and drooling, yet Ketamine was administered on him deviated from acceptable standard of care for paramedics in Minnesota.

68. The inappropriate and grossly negligent choice of Ketamine caused and/or was a contributory reason for Plaintiff Powell's unwanted hospitalization, intubation and the unnecessary risk of death.

69. The expert review required pursuant to Minn. Stat. §145.682, subd. 2 could not reasonably be obtained before this action was commenced because of the applicable statute of limitations on other state law claims. Therefore, said affidavit will be executed to defendants' counsel within 90 days after service of this summons and complaint.

70. As a result of the aforesaid acts of Paramedic Officers John Doe No. 1 and No. 2, Plaintiff Powell suffered damages as aforesaid.

## FIFTH CAUSE OF ACTION
**Intentional/Negligent Infliction of Emotional Distress against Individual Defendants**
*(Plaintiff vs Paramedic officers John Doe No. 1, John Doe No. 2, Defendants officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt and Sgt. John Kaczmarek)*

71.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

72.     Defendant paramedic officers intentionally/negligently caused Plaintiff Powell emotional distress by their intentional and/or grossly negligent administration of Ketamine on Plaintiff Powell.

73.     Defendant police officers intentionally/negligently caused Plaintiff Powell emotional distress by their intentional and/or grossly negligent (and akin to criminal) act when they arrested and detained Plaintiff Powell and caused the administration of Ketamine on him despite evidence to the contrary.

74.     Defendants herein actions were intentional and/or grossly negligent and akin to criminal negligence. It caused emotional distress upon Plaintiff Powell when he was injected with Ketamine, hospitalized, intubated and at a near death experience.

75.     As a result of the aforesaid acts of the defendants herein, Plaintiff Powell suffered damages as aforesaid.

## SIX CAUSE OF ACTION
**Negligence against Defendants North Memorial Health Care, North Memorial Ambulance, City of Robbinsdale, and City of Brooklyn Center**
*(Plaintiff vs North Memorial Health Care, North Memorial Ambulance, City of Robbinsdale, and City of Brooklyn Center)*

76.     The preceding paragraphs are incorporated herein by reference as though fully set forth.

77. Defendant City of Robbinsdale owed a duty to Plaintiff Powell to take reasonable care in hiring, supervising, training and retaining its police officers named, *supra.*

78. Defendant City of Brooklyn Center owed a duty to Plaintiff Powell to take reasonable care in hiring, supervising, training and retaining its police officer, Defendant Officer Steve Holt.

79. Defendants North Memorial Health Care and North Memorial Ambulance owed a duty to Plaintiff Powell to take reasonable care in hiring, supervising, training and retaining their paramedic staff, named *supra*, in the proper use of Ketamine on patients like Plaintiff Powell who exhibit signs of difficult airway passage.

80. Defendant North Memorial Health Care and North Memorial Ambulance owed Plaintiff Powell the duty to instruct its paramedic staff to obtain consent when administering Ketamine, absent emergencies.

81. Defendants North Memorial Health Care, North Memorial Ambulance, City of Robbinsdale, and City of Brooklyn Center breached their duty of hiring, retaining, and properly supervising and training its police officer and paramedic officers above named, *supra*.

82. Defendants knew, or should have known of its employee's history of committing unconstitutional misconduct, including assault, battery and unreasonable force.

83. Even after Plaintiff Powell was assaulted and battered by Defendant officers and paramedics defendants on this count, policies were implemented to prevent Plaintiff Powell's grievances to be addressed. For example, the identities of the paramedics who

administered the Ketamine on Plaintiff Powell, as well as their run sheet, remain absent in Plaintiff Powell's medical file.

84. Because of said gross negligence of Defendants North Memorial Health Care, North Memorial Ambulance, City of Robbinsdale, and City of Brooklyn Center, Plaintiff Powell has suffered and continues to suffer damages, including, but not limited to emotional distress, pain and suffering. Plaintiff Powell has also suffered pecuniary loss.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Powell prays for judgment against Defendants as follows:

1. As to the First count, a monetary judgment against Defendant officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt, and Sergeant John Kaczmarek for compensatory damages in an amount to be determined and punitive damages in an amount in excess of One Million ($1,000,000) Dollars together with costs, including reasonable attorney's fees, under 42 U.S.C. §1988 and prejudgment interest;

2. As to the Second count, a monetary judgment against Defendant Police officers and paramedic officers for compensatory damages in an amount to be determined and punitive damages in an amount in excess of One Million ($1,000,000) Dollars together with costs, including reasonable attorneys' fees, under 42 U.S.C. §1988 and prejudgment interest;

3. As to the Third, Fourth and Sixth counts, a money judgment against Paramedic Officers John Doe. No. 1 and John Doe No.2, and Defendants North Memorial Health Care, North Memorial Ambulance, City of Robbinsdale, and City of Brooklyn Center for

compensatory damages in an amount to be determined together with costs, including reasonable attorney's fees, and prejudgment interest;

4. As to the Fifth count, a money judgment against Defendant Paramedic officers John Doe No. 1, John Doe No. 2, Defendants officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt and Sgt. John Kaczmarek in an amount to be determined and punitive damages in an amount in excess of One Million ($1,000,000) Dollars.

5. For an Order requiring the imposition of appropriate discipline for Paramedic officers John Doe No. 1, John Doe No. 2, Defendants officers Robert Staycoff, Tony Heifort, Steve Vargas, Steve Holt and Sgt. John Kaczmarek; and

6. For such other and further relief as this Court may deem equitable and just.

|  |  |
|---|---|
| July 17, 2017 | **KENNETH UBONG UDOIBOK, P.A.,**<br>*/s/ Kenneth U. Udoibok*<br>Kenneth U. Udoibok #026252<br>Flour Exchange Building<br>310 Fourth Avenue South, Suite 5010<br>Minneapolis, MN 55415<br>612-808-6031 (v)<br>K@Kenulaw.com<br><br>**ATTORNEY FOR PLAINTIFF**<br>**John Fitzgerald Powell** |

## ACKNOWLEDGMENT

Plaintiff John Powell, by his attorney, hereby acknowledges that costs, disbursements, and reasonable attorneys and witness fees may be awarded to the party or parties against whom the allegations in this pleading are asserted pursuant to Minn. Stat. 549.21, subd. 2.

Dated: 7/17/2017                      By:     *s/Kenneth U. Udoibok*
                                              Kenneth U. Udoibok